IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RONALD J. PANNOZZI, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>DELOITTE CONSULTING LLP,<br><br>    Defendant. | Case No. 1:24-cv-00524 |
| CLAIRE A. TARABORELLI, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>DELOITTE CONSULTING LLP,<br><br>    Defendant. | Case No. 1:24-cv-00526 |
| ARMAND LUCCHETTI, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>DELOITTE CONSULTING LLP,<br><br>    Defendant. | Case No. 1:24-cv-00527 |

| | |
|---|---|
| LORI MARCHAND and MONICA DEPINA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DELOITTE CONSULTING LLP,<br><br>Defendant. | Case No. 1:24-cv-00554 |
| LUCIANO MORALES, JR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DELOITTE CONSULTING LLP,<br><br>Defendant. | Case No. 1:25-cv-00010 |

**PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE CASES
AND MOTION TO APPOINT INTERIM CO-LEAD CLASS COUNSEL**

Plaintiffs in the above-captioned putative class actions seek entry of an order, pursuant to Federal Rules of Civil Procedure 42(a) and 23(g), consolidating *Ronald J. Pannozzi v. Deloitte Consulting LLP*, Case No. 1:24-cv-00524 ("*Pannozzi*"), *Claire A. Taraborelli v. Deloitte Consulting LLP*, Case No. 1:24-cv-00526 ("*Taraborelli*"), *Armand Lucchetti v. Deloitte Consulting LLP*, Case No. 1:24-cv-00527 ("*Lucchetti*"), *Lori Marchand et al. v. Deloitte Consulting LLP* ("*Marchand*"), Case No. 1:24-cv-00554, and *Luciano Morales, Jr. v. Deloitte Consulting LLP*, Case No. 1:25-cv-00010 ("*Morales*") into the lowest docketed case *Ronald J. Pannozzi v. Deloitte Consulting LLP*, Case No. 1:24-cv-00524 (collectively the "Related Actions") and appointing Danielle L. Perry of Mason LLP and Jeff Ostrow of Kopelowitz Ostrow P.A. as Interim Co-Lead Class Counsel ("Proposed Class Counsel").

2

Consolidation of the Related Actions is appropriate because they all arise from the same nucleus of operative facts: a data breach of the governmental assistance software systems for RI Bridges, maintained by Defendant Deloitte Consulting LLP ("Deloitte" or "Defendant"), that reportedly resulted in the compromise of confidential and sensitive personally identification and health information of thousands of individuals (the "Data Breach" or "Breach"). The Data Breach arises out of a compromise of documents and information stored on RIBridges' computer network, which was maintained and purportedly protected by Deloitte. Plaintiffs have conferred with Defendant and Defendant does not oppose this motion.

In support of this request, counsel for all plaintiffs ("Plaintiffs") jointly submit this motion and the Declaration of Danielle L. Perry ("Perry Decl."), attached as **Exhibit A**.

I.    PROCEDURAL HISTORY

On December 15, 2024, Plaintiff Pannozzi filed his class action against Deloitte in the United States District Court for the District of Rhode Island, seeking damages stemming from the Data Breach. [Doc. 1.] In his complaint, Plaintiff Pannozzi seeks to represent a class defined as:

> Any individual who has received or applied for health coverage and/or health and human services programs or benefits could be impacted by this breach. The programs and benefits managed through the RIBridges system include but are not limitedto: Medicaid, Supplemental Nutrition Assistance Program (SNAP), Temporary Assistance for Needy Families (TANF), Child Care Assistance Program (CCAP), Health coverage purchased through HealthSource RI, Rhode Island Works (RIW), Long-Term Services and Supports (LTSS), and General Public Assistance (GPA) Program.

*Id.* at ¶ 118. Plaintiff Pannozzi asserts claims for negligence, breach of implied contract, unjust enrichment, and declaratory relief. *Id.* at ¶ 21 (the "Class").

The *Taraborelli*, *Lucchetti*, *Marchand*, and *Morales* matters were subsequently filed between December 16, 2024 and January 7, 2025 in the United States District Court for the District

3

of Rhode Island. Each were brought on behalf of a substantially similar class and alleged substantially similar facts and counts related to the same Data Breach at issue in *Pannozzi.*

## II. STATEMENT OF FACTS

### A. The Breach

Defendant Deloitte is a third-party servicer providing audit and assurance, consulting, tax and related services to RIBridges, Rhode Island's system for managing and administering social programs and benefits. Doc. 1 at ¶ 28. Deloitte reported that some of the information breached contained: "names, addresses, dates of birth and Social Security numbers, as well as certain banking information" (the "Personal Information"). *Id*. at ¶ 42. The affected individuals all applied for or are enrolled in state-administered benefits by RIBridges, *i.e*., individuals who provided their highly sensitive and private information in exchange for employment and/or state services. *Id*. at ¶ 6.

### B. Allegations of the Complaints in the Related Actions

All complaints in the Related Actions make similar if not identical allegations. They all allege that the Data Breach arises out of Deloitte's failures to properly secure, safeguard, encrypt, and/or timely and adequately destroy Plaintiffs' and Class Members' sensitive personal identifiable information that it had acquired and stored for its business purposes. *Pannozzi*, Doc. 1 at ¶ 1; *Taraborelli*, Doc. 1 at ¶ 1; *Lucchetti*, Doc. 1 at ¶ 1; *Marchand*, Doc. 1 at ¶ 3; and *Morales*, Doc. 1 at ¶ 1. All complaints allege that the Data Breach compromised Plaintiffs and Class Members' Private Information causing a heightened and imminent risk of fraud and identity theft for Plaintiffs and Class Members. *Pannozzi*, Doc. 1 at ¶ 18; *Taraborelli*, Doc. 1 at ¶ 18; *Lucchetti*, Doc. 1 at ¶ 18; *Marchand*, Doc. 1 at ¶ 19; and *Morales*, Doc. 1 at ¶ 14. And all complaints seek damages, equitable relief, and such other and further relief as this Court may deem just and proper

4

in response to the Data Breach. *Pannozzi*, Doc. 1, Prayer for Relief at 42–43; *Taraborelli*, Doc. 1, Prayer for Relief at 33–36; *Lucchetti*, Doc. 1, Prayer for Relief at 41–42; *Marchand*, Doc. 1, Prayer for Relief at 43–44; and *Morales*, Doc. 1, Prayer for Relief at 33–36.

### III. LEGAL ARGUMENT

The Related Actions, along with any cases subsequently filed, transferred, or removed to this District arising out of the same Data Breach and common questions of law and fact should be consolidated into one unified action. This consolidation and the leadership structure proposed herein will promote the interests of judicial efficiency and will reduce duplication in discovery and litigation. Moreover, consolidating these actions will not prejudice or confuse any of the parties or members of the proposed Class.

Likewise, the appointment of Danielle L. Perry of Mason LLP and Jeff Ostrow of Kopelowitz Ostrow P.A. as Proposed Class Counsel will support the unified and efficient prosecution of the Related Actions, as set forth below.

#### A. The Court Should Consolidate the Related Actions.

Rule 42 provides that:

> If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

A threshold requirement for consolidation is the existence of a common question of law or fact. *Palange v. Forte*, No. 19-340-JJM-PAS, 2021 WL 2018911, at *3, n.5 (D.R.I. May 20, 2021), *aff'd*, No. 21-1481, 2022 WL 2359627 (1st Cir. Apr. 7, 2022). Where questions of law or fact are common, "the court should weigh the prospective benefits of consolidation, in terms of

convenience to the parties and judicial economy against the extent of any confusion, delay or prejudice that might result from consolidation. *Data Gen. Corp. v. Grumman Sys. Corp.*, 834 F. Supp. 477, 487 (D. Mass. Sept. 10, 1992) (internal quotations omitted). While courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases, if separate actions involve a common party and common issues of fact or law, consolidation will usually be granted. *Allen v. Takeda Pharm. U.S.A., Inc.*, No. 20-11452-LTS, 2020 WL 9848781, at *4 (D. Mass. Sept. 9, 2020) (quoting *Seguro de Servicio de Salud v. McAuto Sys. Grp., Inc.*, 878 F.2d 5, 8 (1st Cir. 1989).

In the data breach context, numerous courts have recognized that the benefits of consolidation far outweigh any drawbacks where two or more cases arise from the same data breach, allege similar legal theories, and seek substantially the same relief. *See, e.g.*, *Collins v. Rutter's Inc.*, No. 1:20-cv-00382-JEJ, 2020 U.S. Dist. LEXIS 52214, at *6 (M.D. Pa. Mar. 26, 2020) (consolidating two actions arising out of a data breach); *Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*, No. 17-cv-1102-WJM-STV, 2017 U.S. Dist. LEXIS 142626, at *3 (D. Colo. Sept. 1, 2017) (same; noting that "both actions are substantively identical and are in the same stage of litigation . . . [and] arise out of the same occurrence: a data breach . . . .").

As noted above, the complaints in the Related Actions are based upon common factual allegations and legal theories. They assert multiple common causes of action against the same Defendant, relate to the same factual underpinnings, and seek substantially the same relief in response to a singular event: the Data Breach. The Related Actions also seek certification of overlapping classes and allege that Plaintiffs and Class Members suffered harm as a result of the Data Breach because their Personal Information was exposed to third parties without their authorization. As such, consolidation of the Related Actions will be convenient to the parties and

serve interests of judicial economy. Consolidation will simplify discovery, pretrial motions, class certification issues, and other case management issues. Additionally, because consolidation is being sought at such an early stage in litigation, there will be no undue delay or prejudice to parties. It will also avoid duplicative litigation efforts and the risk of inconsistent rulings. This presents the quintessential consolidation scenario, and the Court should consolidate the Related Actions to ensure judicial economy and preserve party resources.

**B.     The Court Should Appoint Proposed Class Counsel.**

Plaintiffs seek appointment of Proposed Class Counsel pursuant to Rule 23(g)(3), which allows the Court to designate interim class counsel to act on behalf of a putative class before determining whether certification is appropriate. In anticipation of consolidation of the Related Actions, which are largely overlapping, Plaintiffs seek the appointment of Proposed Class Counsel. Importantly, all of the Plaintiffs' counsel in the Related Actions support the appointment of Proposed Class Counsel.

The Manual for Complex Litigation recommends that—to avoid inefficiency, duplication and possible prejudice to plaintiffs—courts in complex litigation should "institute procedures under which one or more attorneys are selected and authorized to act on behalf of other counsel and their clients." *Manual for Complex Litigation (Fourth)* ("*MCL*" or "*Manual*") § 10.22. In some cases, "the attorneys coordinate their activities without the court's assistance, and such effort should be encouraged." *Id.*

The Committee Notes to the 2003 Amendments to Rule 23 emphasize that designation of interim class counsel prior to certification is appropriate because:

> [I]t will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination. Settlement may be discussed

7

> before certification. It may also be important to make or respond to motions before certification.

*See* Fed. R. Civ. P. 23 Advisory Committee Notes (2003).

Designating Proposed Class Counsel as this juncture, as requested here, assures that authorized counsel will protect the interests of the class during precertification activities, including making and responding to motions, conducting any necessary discovery, moving for class certification and, possibly, negotiating settlement. *MCL* § 21.11 (4th ed. 2004). The rule provides that "[w]hen one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(2)." The rule also "authorizes the court to designate interim counsel to act on behalf of the putative class before the certification decision is made." Fed. R. Civ. P. 23(g) Advisory Committee Note; *see also Se. Mo. Hosp. v. C.R. Brand, Inc.*, No. 1:07-CV-0031-TCM, 2007 WL 4191978, at *2 (E.D. Mo. Nov. 21, 2007) (noting that "[t]he court may designate interim class counsel" and that "[w]hen there is one applicant for appointment as class counsel, the court may appoint that applicant") (citations omitted).

In cases like this, the appointment of Proposed Class Counsel clarifies the attorneys' roles and responsibilities, formally designates them to act in the best interests of the proposed Class and assures defense counsel that they are dealing with the authorized representatives of the proposed Class. *See MCL* § 21.11. Appointment of Proposed Class Counsel also eliminates any risk that a defendant will try to play rival class counsel against one another to the possible detriment of the class. *See Governance and Legitimacy in the Law of Class Actions*, 1999 Sup. Ct. Rev. 337, 388 (1999) (discussing the danger of a "race to the bottom" situation). By appointing the Proposed Class Counsel now, this Court will forestall potential future inefficiencies or leadership clashes and will ensure that putative Class Members' interests are protected. Further, appointing clear

8

leadership at this stage in the litigation will allow the various Plaintiffs' firms to focus their efforts on the litigation and efficiently represent the putative Class.

Although Rule 23(g)(3) does not specifically address the appointment of interim class counsel, courts often apply the Rule 23(g) factors when making this determination. *See, e.g.*, *Piercy v. AT&T Inc.*, No. CV 24-10608-NMG, 2024 WL 4728944, at *2 (D. Mass. Nov. 8, 2024) ("courts generally refer to factors listed in Rule 23(g)(1)(A), including the work counsel has conducted in investigating the claims and their relevant knowledge of the law"); *In re Vanguard Chester Funds Litig.*, No. CV 22 955, 2022 WL 3971053, at *2 (E.D. Pa. Sept. 1, 2022); *In re Gerber Prods. Co. Heavy Metals Baby Food Litig.*, No. 1:21-cv-269 (MSN/JFA), 2022 WL 1494378, at *4–5 (E.D. Va. May 10, 2022); *In re Dairy Farmers of Am. Cheese Antitrust Litig.*, No. 1:09-cv-03690, 2013 WL 6050431, at *3 (N.D. Ill. Nov. 15, 2013). Rule 23(g)'s criteria for the appointment of class counsel include (1) work counsel has performed identifying or investigating potential claims in the action, (2) counsel's experience with claims of the type asserted in the action, (3) counsel's knowledge of the applicable law, and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i–iv) & (B). Courts are not restricted to the appointment of a single lead counsel. *Piercy v. AT&T Inc.*, 2024 WL 4728944, at *2. Appointment of multiple firms has been found preferable where both counsel are sufficiently experienced to allow coordination of the proceedings in a manner that will avoid unnecessary duplication. *Id.*

Here, as discussed below, the attorneys seeking appointment to leadership more than satisfy these considerations.

1. <u>Proposed Class Counsel Have Performed Substantial Work Investigating This Action.</u>

The first factor for consideration under Rule 23(g)(1) is the work done to date identifying and investigating potential claims. Fed. R. Civ. P. 23(g)(1)(A)(i). The law firms of each of the Proposed Class Counsel moved quickly to investigate the Data Breach and initiate the present cases. Through their combined efforts, Proposed Class Counsel were able to uncover the key details of the Data Breach needed to move forward with this case. Perry Decl. ¶ 4. Indeed, Proposed Class Counsel have already dedicated meaningful resources to investigating the facts and researching the legal bases for liability. *Id.*

Proposed Class Counsel continue to perform substantial work that has been and will continue to be valuable to the Class. This work includes (a) reviewing complaints concerning the Data Breach; (b) ongoing communications with putative Class Members; (c) continued investigation of the Data Breach, the scope of its consequences, and Defendant's public disclosures regarding the same; (d) research into viable legal theories to be brought and filed against Defendant and possible defenses thereto; and (e) coordination with counsel for other Plaintiffs to ensure the efficient progress of the litigation. *Id.* ¶ 5.

Proposed Class Counsel have conducted work necessary to investigate Plaintiffs' claims and launch the prosecution of this litigation and continue to devote substantial effort to advancing the claims of Plaintiffs and the proposed Classes. *Id.* ¶ 6.

2. <u>Proposed Class Counsel Have Relevant Experience and Knowledge of the Applicable Law.</u>

Proposed Class Counsel are demonstrably well-qualified. Indeed, they and their respective firms have track records of successfully litigating and resolving consumer class actions, including data breach and other complex litigation. *See, e.g.*, *Radcliffe v. Hernandez*, 818 F.3d 537, 548 (9th Cir. 2016) (affirming a district court's appointment of interim class counsel based on the court's

10

finding that the appointed firm's "greater experience in handling class actions . . . [and] its greater knowledge of the applicable law" supported a finding that the firm was "best able to represent the class"); *see also In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (stating that the "most persuasive" factors in choosing lead counsel may be proposed counsel's "experience in, and knowledge of, the applicable law in this field").

a. Ms. Perry Is Qualified to Serve as Interim Co-Lead Counsel.

Danielle L. Perry is a partner at Mason LLP and has over a decade of class action litigation experience. Ms. Perry is licensed to practice in the State of California, District of Columbia, and in numerous federal district courts across the country as well as the U.S. Court of Federal Claims, and the Fifth, Seventh, and Federal Circuit Courts of Appeals.

Over the past four years, Ms. Perry's practice has focused on prosecuting data breach class actions similar in nature to the actions here. Members of Ms. Perry's firm pioneered data privacy class actions, serving as Co-Lead Counsel in *In re Dep't of Veterans Affs. (VA) Data Theft Litig.*, No. 1:06-MC-00506, 2007 WL 7621261 (D.D.C. Nov. 16, 2007) (unlawful disclosure of PPI of 28.5 million military veterans and active duty personnel; $20 million settlement fund) and court-appointed Lead Counsel in *In re Google Buzz Priv. Litig.*, No. C 10-00672 JW, 2011 WL 7460099 (N.D. Cal. June 2, 2011) ($10 million settlement fund in case arising for unauthorized disclosure or personal information). Ms. Perry has been named Class Counsel or appointed to leadership positions in numerous data breach class actions across the country including *Alexander v. Salud Fam. Health, Inc.*, No. 2023CV030580 (Colo. 19th Dist. Ct. Weld Cnty.) (appointed Co-Lead Counsel, final approval granted Nov. 2023); *Andersen v. Oak View Grp., LLC*, No. 2:24-cv-00719 (C.D. Cal.) (appointed Co-Lead Class Counsel May 2024); *Anderson v. Fortra, LLC*, No. 0:23-cv-533 (D. Minn.) (appointed Executive Committee Counsel Apr. 2023); *Askew v. Gas South, LLC*,

11

No. 22106661 (Ga. Super. Ct. Cobb Cnty.) (appointed Co-Lead Counsel, final approval granted Jan. 2024); *Barletti v. Connexin Software Inc.*, No. 2:22-cv-04676 (E.D. Pa.) (appointed to Plaintiffs' Steering Committee, final approval granted July 2024); *Colston v. Envision Credit Union*, No. 2022CA1476 (Fla. 2d. Jud. Cir. Ct. Leon Cnty.) (appointed Class Counsel, final approval granted Apr. 2023); *Culp v. Fitzgibbon Hosp.*, No. 23SA-CV00020 (Mo. Cir. Ct. Saline Cnty.) (appointed Class Counsel, final approval granted Sept. 2024); *Dekenipp v. Gastroenterology Consultants, P.A.*, No. 202161470 (Tex. 295th Dist. Ct. Harris Cnty.) (appointed Class Counsel, final approval granted Oct. 2023); *Fernandez v. 90 Degree Benefits, LLC*, No. 2:22-cv-00799 (E.D. Wis.) (appointed Co-Lead Counsel, final approval granted Nov. 2023); *In re Flagstar Dec. 2021 Data Sec. Incident Litig.*, No. 4:22-cv-11385 (E.D. Mich.) (appointed to Plaintiffs' Executive Committee May 2023); *In re NCB Mgmt. Servs., Inc. Data Breach Litig.*, No. 2:23-cv-1236 (E.D. Pa.) (appointed to Plaintiffs' Steering Committee June 2023); *Payton v. Fam. Vision of Anderson, P.A.*, No. 2023CP0401636 (S.C. Ct. C.P. Anderson Cnty.) (appointed Co-Lead Class Counsel Sept. 2023); *Pessia v. Warren Gen. Hosp.*, No. 501 (Pa. 37th Jud. Dist. Ct. Warren Cnty.) (appointed Co-Lead Class Counsel Jan. 2024); *Rasmussen v. Uintah Basin Healthcare*, No. 2:23-cv-00322 (D. Utah) (appointed Co-Lead Counsel June 2023); *Rodriguez v. Mena Reg'l Health Sys.*, No. 2:23-cv-02002 (W.D. Ark.) (appointed Co-Lead Counsel Apr. 2023); *Rohrer v. Oak Valley Hosp. Dist.*, No. CV-23-005612 (Cal. Super. Ct. Stanislaus Cnty.) (appointed Co-Lead Counsel Nov. 2023, preliminary approval granted July 16, 2024); and *Woods v. Albany ENT & Allergy Servs., P.C.*, No. 904730-23 (N.Y. Sup. Ct. Albany Cnty.) (appointed Co-Lead Class Counsel, final approval granted Oct. 2024).[1]

---

[1] Additional information regarding Ms. Perry and Mason LLP is set forth in her firm's resume attached as **Exhibit 1** to the Perry Decl., attached hereto as **Exhibit A**.

Ms. Perry and her firm have successfully collaborated with Mr. Ostrow and counsel for all Plaintiffs in this matter and have the experience and resources necessary to drive this case toward efficient resolution in the best interests of the Class.

      b.   <u>Mr. Ostrow Is Qualified to Serve as Interim Co-Lead Counsel.</u>

Jeff Ostrow is the Managing Partner of KO and has been practicing law for 27 years. Mr. Ostrow established the South Florida-based firm immediately following his graduation from Nova Southeastern University in 1997 and has since grown it to 25 attorneys.

Beyond managing the firm, Mr. Ostrow heads the class action department and maintains a full caseload of nationwide class actions. Although Mr. Ostrow currently only represents class plaintiffs, he has prior experience defending large companies in class actions, including banks, commercial lenders, and tech companies, which affords him a valuable perspective and advantage in litigation and settlement.

Mr. Ostrow is counsel of record in more than 200 pending data breach cases. He is currently Lead Counsel in MDL No. 3090, *In re Fortra File Transfer Software Data Sec. Breach Litig.*, No. 24-md-3090 (S.D. Fla.), which involves ten defendants and six million people. Additional examples of other cases in which he serves as Lead Counsel include: *Crowe v. Managed Care of N. Am., Inc.*, No. 23-cv-61065 (S.D. Fla.), affecting eight million individuals; *In re Zeroed-In Techs., LLC Data Breach Litig.*, No. 1:23-cv-03284-BAH (D. Md.), affecting two million individuals, *Harrell v. WebTPA Emp. Servs. LLC*, No. 3:24-cv-01160 (N.D. Tex.), affecting 2.5 million individuals; *Stallone v. Fin. Bus. & Consumer Sols., Inc.*, No. 2:24-cv-01876 (E.D. Pa.), affecting almost two million individuals; *Gambino v. Berry, Dunn, Mcneil & Parker LLC*, No. 2:24-cv-146 (D. Me.), affecting 1.1 million individuals; *Mclean v. Signature Performance, Inc.*, No. 8:24-cv-230 (D. Neb.), affecting at least 106,540 patients; *Wilson v. Frontier Comm'ns*

13

*Parent, Inc.*, No. 3:23-CV-01418-L (N.D. Tex.), affecting at least 750,000 individuals; *Flores v. S. Tex. Oncology & Hematology, PLLC*, No. 2024CI13299 (Tex. Dist. Ct. Bexar Cnty.), affecting 176,303 patients; *In re HealthEquity, Inc. Data Sec. Incident Litig.*, No. 2:24-cv-528 (D. Utah), affecting 4.3 million patients; *Griffiths v. Kootenai Health, Inc.*, No. 2:24-cv-205 (D. Idaho), affecting 827,149 patients, and *Butler v. Acadian Ambulance Serv., Inc.*, No. 6:24-cv-01011 (W.D. La.), affecting three million patients.

For about 13 years, Mr. Ostrow's firm served as Coordinating Counsel, Settlement Class Counsel, and Lead Class Counsel in *In re Checking Acct. Overdraft Litig.*, No. 1:09-MD-02036-JLK (S.D. Fla.), a large MDL that resulted in the recovery of $1.2 billion from the nation's largest banks, and is Liaison Counsel in *In re Disposable Contact Lens Antitrust Litig.*, No. 3:15-md-2626-HES-JRK (M.D. Fla.), an antitrust class action with $85 million recovered to date. Moreover, KO is co-counsel for Broward County and the City of Fort Lauderdale in *In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-2804 (N.D. Ohio), and for the Broward and Miami-Dade County School Boards in *In re Juul Labs*, No. 19-md-2913 (N.D. Cal.), helping clients recover $100 million and $26 million, respectively.

Federal judges have recognized Mr. Ostrow's commitment to excellence. In *Farrell v. Bank of America, N.A.*, 327 F.R.D. 422, 432 (S.D. Cal. 2018), in which Mr. Ostrow served as lead counsel on behalf of millions of people, United States District Judge James Lorenz made the following observation when granting final approval of a settlement that included a $68 million recovery and $1.2 billion in injunctive relief requiring the defendant bank to stop an enormously lucrative practice:

> Class Counsel achieved this result through tenacity and great skill. In all of their written submissions and in their presentation at the Final Approval Hearing, Class Counsel's arguments were laudably clear and precise, no small feat given the

14

complexity of the legal questions at issue here. It is clear that substantial preparation went into all of Class Counsel's work on this case.

Similarly, when approving a $13 million settlement in which Mr. Ostrow was one of the lead counsel, United States District Judge James Lawrence King commented that "Class Counsel's efforts in pursing and settling these consumer claims were, quite simply, outstanding." *In re Checking Account Overdraft Litig.*, No. 1:09-md-02036-JLK, 2013 WL 11319244, at *16 (S.D. Fla. Aug. 2, 2013). In another recent case in which Mr. Ostrow was lead counsel, United States District Judge Jose Martinez noted, "Here, Class Counsel worked extensively and with a high level of skill to advance Plaintiff's claims . . . The case involved difficult factual and legal issues from a global pandemic. . . . Despite the strong defenses presented by Barry [University], Class Counsel obtained an excellent result for the Settlement Class Members." *Rosado v. Barry Univ., Inc.*, No. 1:20-cv-21813-JEM (S.D. Fla.), ECF No. 84 at 14.

Mr. Ostrow has worked productively with Ms. Perry in other cases. He is confident that this proposed leadership structure will result in an excellent recovery for all clients and Class Members.[2]

    3.    <u>Proposed Class Counsel Are Committed to Representing and Advancing the Interests of the Class</u>

Proposed Class Counsel not only have the resources to effectively prosecute this case, but also are committed to using these resources to do so. Proposed Class Counsel are committed to pursuing the best interests of the proposed Class in an efficient manner and fully understand the investment of time and resources necessary to pursue this action to a successful resolution. Indeed, all firms have made and will continue to make the required investment here.

---

[2] Additional information regarding Mr. Ostrow and Kopelowitz Ostrow P.A is set forth in his firm's resume attached as **Exhibit 2** to the Perry Decl., attached hereto as **Exhibit A**.

4. <u>Proposed Class Counsel's Responsibilities</u>

Consistent with the *Manual for Complex Litigation (Fourth)* §§ 10.221 and 40.22, Proposed Class Counsel will be responsible for the overall conduct of the litigation on behalf of the putative Class and will have the following specific responsibilities:

i. To determine and present to the Court and opposing parties the position of Plaintiffs and putative Class Members on all matters arising during pretrial proceedings;

ii. To coordinate the initiation and conduct of discovery on behalf of Plaintiffs and putative Class Members, consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g), including the preparation of joint interrogatories and requests for the production of documents and the examination of witnesses in depositions;

iii. To conduct settlement negotiations on behalf of Plaintiffs and putative Class Members, and, where appropriate, to present any proposed settlements to the Court on behalf of putative Class Members;

iv. To enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

v. To prepare and distribute status reports to any other law firms that might seek to represent the putative Class;

vi. To monitor the activities of any other law firms that might seek to represent putative Class Members to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

vii. To determine the division of labor and collectively make decisions with counsel for Plaintiffs in the Related Actions, in this litigation on behalf of and in consultation with Plaintiffs;

viii. To maintain adequate time and disbursement records covering services performed by Proposed Class Counsel and other participating Plaintiffs' counsel; and

ix. To perform such other duties as may be incidental to the proper prosecution and coordination of pretrial activities on behalf of Plaintiffs and the putative Class or authorized by further order of this Court.

16

IV.  **CONCLUSION**

Plaintiffs respectfully ask the Court to grant their motion to enter an order consolidating the Related Actions and appointing Proposed Class Counsel. A proposed order granting this relief is submitted herewith. The proposed order also contains (1) a proposed briefing schedule for the filing of a single consolidated amended complaint and for any motion practice associated therewith and (2) a procedure for handling any future related actions that may later be filed.

Dated: January 14, 2025                    Respectfully submitted,


                                          */s/ Peter N. Wasylyk*
                                          **LAW OFFICES OF PETER N. WASYLYK**
                                          Peter N. Wasylyk (RI Bar No. 3351)
                                          1307 Chalkstone Ave.
                                          Providence, RI 02908
                                          Telephone: (401) 831-7730
                                          Fax: (401) 861-6064
                                          Email: pnwlaw@aol.com

                                          Gary E. Mason*
                                          Danielle L. Perry*
                                          Lisa A. White*
                                          **MASON LLP**
                                          5335 Wisconsin Avenue NW, Suite 640
                                          Washington, DC 20015
                                          Telephone: (202) 429-2290
                                          Email: gmason@masonllp.com
                                          Email: dperry@masonllp.com
                                          Email: lwhite@masonllp.com

                                          Jeff Ostrow*
                                          **KOPELOWITZ OSTROW P.A.**
                                          One West Las Olas Blvd., Suite 500
                                          Fort Lauderdale, FL 33301
                                          Telephone: (954) 525-4100
                                          Fax: (954) 525-4300
                                          Email: ostrow@kolawyers.com

Gary M. Klinger*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
Email: gklinger@milberg.com

Jeffrey S. Goldenberg*
**GOLDENBERG SCHNEIDER, L.P.A.**
4445 Lake Forest Drive, Suite 490
Cincinnati, Ohio 45242
Telephone: (513) 345-8297
Email: jgoldenberg@gs-legal.com

Charles E. Schaffer, Esquire*
**LEVIN SEDRAN & BERMAN COUNSELORS AT LAW**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (215) 592-1500
Email: cschaffer@lfsblaw.com

Daniel Srourian*
**SROURIAN LAW FIRM, P.C.**
468 N. Camden Dr. Suite 200
Beverly Hills, CA 90210
Telephone: (213) 474-3800
Fax: (213) 471-4160
Email: daniel@slfla.com

Lynda J. Grant*
**THEGRANTLAWFIRM, PLLC**
521 Fifth Avenue, 17th Floor
New York, NY 10175
Telephone: (212) 292-4441
Fax: (212) 292-4442
Email: lgrant@grantfirm.com

Gary S. Graifman*
Melissa R. Emert*
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
135 Chestnut Ridge Road, Suite 200
Montvale, NJ 07645
Telephone: (201) 391-7000

Fax: (201) 307-1086
Email: ggraifman@kgglaw.com
Email: memert@kgglaw.com

J. Gerard Stranch, IV*
Grayson Wells*
**STRANCH, JENNINGS & GARVEY, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Ste 200
Nashville, TN 37203
Tel : (615) 254-8801
Email: gstranch@stranchlaw.com
Email: gwells@stranchlaw.com

*Counsel for Plaintiffs*

**pro hac vice or to be filed*

19

## CERTIFICATE OF SERVICE

      I hereby certify that this Plaintiffs' Unopposed Motion to Consolidate Cases And Motion To Appoint Interim Co-Lead Class Counsel filed through the ECF System will be sent electronically on January 14, 2025, to counsel of record.


                                                                   <u>/s/ Peter N. Wasylyk</u>
                                                                     Peter N. Wasylyk