IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RONALD J. PANNOZZI, PAOLA BALDOMAR, MEREDITH BRANDT, MONICA DEPINA, MEGHAN KONOPKA, JOAN RATCLIFFE, and RENEE TRIGUEIRO, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>DELOITTE CONSULTING LLP,<br><br>Defendant. | C.A. 1:24-cv-524-MRD-AEM |

**FINAL APPROVAL ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

WHEREAS, Plaintiffs submitted to the Court their Unopposed Motion for Final Approval of Class Settlement Action Settlement and Application for Attorneys' Fees, Costs, and Service Awards. [ECF No. 34];

WHEREAS, on October 23, 2025, the Court entered its Order granting Preliminary Approval of the Settlement, which, inter alia: (1) preliminarily approved the Settlement; (2) determined that, for purposes of the Settlement only, the Action should proceed as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2)-(3) and certified the Settlement Class; (3) appointed Plaintiffs as Class Representatives; (4) appointed Class Counsel; (5) approved the form and manner of Notice and the Notice Program; (6) approved the Claim Process and Claim Form; and (7) set the Final Approval Hearing date. [ECF No. 33];

WHEREAS, thereafter, Notice was provided to the Settlement Class in accordance with the Court's Preliminary Approval Order by Email Notice and/or Postcard Notice, and the Long

Form Notice was available to Settlement Class members on the Settlement Website or upon request to the Settlement Administrator;

WHEREAS, a notice of settlement was timely mailed to governmental entities as provided for under 28 U.S.C. § 1715;

WHEREAS, on January 29, 2026, the Court held a Final Approval Hearing to determine whether the Settlement was fair, reasonable, and adequate, and to consider Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards;

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, all of the other files, records, and proceedings in the Action, and being otherwise fully advised;

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over all Parties to the Action, including all Settlement Class members.

2. This Final Approval Order incorporates herein the definitions from Section II of the Settlement Agreement and Releases, attached as Exhibit A to the Motion for Final Approval.

3. The Notice provided to the Settlement Class was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein to all persons entitled to notice. The Notice and Notice Program fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all other applicable law and rules. The Claims process is also fair, and the Claim Form is easily understandable.

4. The Settlement is in all respects fair, reasonable, and adequate, after considering all of the Federal Rule of Civil Procedure 23(e)(2) factors, and highlighted by evidence that: (a) the complexity, expense, and likely duration of the litigation; (b) the reaction of the class to the

settlement; (c) the stage of the proceedings and amount of discovery completed; (d) the risks of establishing liability; (e) the risk of establishing damages; (f) the risks of maintaining the class action through trial; (g) the ability of defendants to withstand a greater judgment; (h) the range of reasonableness of the settlement fund in light the best possible recovery; and (i) the range of reasonbless of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *See Murray v. Grocery Delivery E-Servs. USA Inc.*, 55 F.4th 340, 345 (1st Cir. 2022); *Nat'l Ass'n of Chain Drug Stores v. New England Carptenters Health Benefits Fund*, 582 F.3d 30, 44 n.13 (1st Cir. 2009); *Sesto v. Prospect CharterCARE, LLC*, No. CV 18-328 WES, 2019 WL 4758161, at *3 (D.R.I. Sept. 30, 2019). The Settlement was made based on a record that is sufficiently developed and complete to have enabled the Parties to adequately evaluate and consider their positions.

5. In finding the Settlement fair, reasonable, and adequate, the Court has also considered the opinion of competent counsel, as well as the indication of an overwhelming positive reaction from the Settlement Class given the total number of Claims made, that there were no objection(s) to the Settlement filed, and that only 35 opt-outs were submitted. A list of the individuals who have opted-out of the Settlement is attached hereto as *Exhibit A*. Those individuals will not be bound by the Agreement and Releases contained therein.

6. Based on the information presented to the Court, the Claims process has proceeded as ordered and consistent with the Agreement and Preliminary Approval Order. All Settlement Class Members who submitted Valid Claims shall receive their Settlement Class Member Benefits pursuant to the Settlement's terms. All Settlement Class Members who did not submit a Claim, or for whom the Claim is determined to be invalid, shall still be bound by the terms of the Settlement and Releases therein.

7. The allocation and distribution plan for Settlement Class Member Benefits is fair, reasonable, and adequate.

8. The Class Representatives and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of the Settlement Class in connection with the Settlement.

9. Because the Court grants Final Approval of the Settlement set forth in the Agreement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Settlement.

10. All Parties to this Action, including all Settlement Class Members, are bound by the Settlement as set forth in the Agreement and this Final Approval Order.

11. The appointment of Plaintiffs as Class Representatives is affirmed.

12. The appointment of Jeff Ostrow of Kopelowitz Ostrow P.A. and Danielle L. Perry of Mason LLP as Class Counsel is affirmed.

13. The appointment of Kroll Settlement Administration LLC is affirmed.

14. The Court affirms its findings that the Settlement Class meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and (b)(2)-(3) for only the purposes of the Settlement in that: (1) the number of Settlement Class members is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the Settlement Class; (3) the claims of the Class Representatives are typical of the claims of the Settlement Class; (4) the Class Representatives are adequate representatives for the Settlement Class, and have retained experienced counsel to represent the Settlement Class; (5) the questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class member; and (6) a class action is superior to the other available methods for the fair and efficient

adjudication of the controversy. Further, the Court concludes the Settlement Class is ascertainable, based on their objective criteria.

15. Therefore, the Court finally certifies the following Settlement Class: All living individuals in the United States who were sent a notice of the Data incident indicating that their Private Information may have been impacted in the Data Incident. Excluded from the Settlement Class are (a) all persons who are directors, officers, and agents of Defendant; (b) governmental entities; and (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff.

16. Judgment shall be, and hereby is, entered dismissing the Action with prejudice.

17. As of the Effective Date, and in exchange for the relief described in the Settlement, the Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished, and completely discharged the Released Parties from any and all Released Claims.

18. In consideration for this Agreement and the consideration set forth herein, the Releasing Parties hereby release the Released Parties from the Released Claims.

19. If, consistent with the plan of distribution set forth in the Settlement, if any funds remain from uncashed checks 240 days following the date Settlement Class Members are first able to select their form of payment, any residual shall be distributed to the Electronic Privacy Information Center, which the Court approves as the *cy pres* recipient.

20. Pursuant to Federal Rule of Civil Procedure 23(h), settlement Class Counsel is awarded $2,100,000.00 for Attorneys' Fees and $ 33,980.06 for costs. These payments shall be made out of the Settlement Fund in accordance with the Agreement. Class Counsel have sole responsibility, within Class Counsel's discretion, to allocate and distribute attorneys' fees among Plaintiffs' counsel. The Court evaluated Class Counsel's request applying the percentage of the

common fund method and concludes that amount is reasonable. *See In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 305 (1st Cir. 1995); *In re Loestrin 24 Fe Antitrust Litig.*, C.A. No. 1:13-md-2472, 2020 WL 4035125, at *5 (D.R.I. July 17, 2020).

21.    The Class Representatives are each awarded $ 2,500.00 Service Awards. The Service Awards shall be payable out of the Settlement Fund in accordance with the Agreement.

22.    Plaintiffs and all Settlement Class members and Releasing Parties, and persons purporting to act on their behalf, are permanently enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any of the Released Claims against any of the Released Parties in any action or proceeding in any court, arbitration forum, or tribunal.

23.    The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions to the Settlement Class Members; (b) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms of the Agreement, including the exhibits appended thereto; and (c) all Parties, for the purpose of enforcing and administering the Settlement.

24.    In the event the Effective Date of the Settlement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Agreement, and this Final Approval Order and any other order entered by this Court in accordance with the terms of the Agreement shall be vacated, nunc pro tunc.

25.    There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Federal Rules of Civil Procedure 58.

IT IS SO ORDERED.

/s/ Melissa R. DuBose
Melissa R. DuBose
United States District Judge

January 29, 2026

# EXHIBIT A

1 AMANDA KELLY
2 ANGELO ROSSI
3 BARBARA ROSSI
4 BONNIE ARNOLD
5 BRIANA ROBERTSON
6 BRYAN MOLINA
7 CYNTHIA DOWNING
8 CYNTHIA KELLY
9 DANIEL SLOAT
10 DAVID SCUNGIO
11 DEBORAH SCHULTZ
12 DOREEN ROBERTSON
13 EISLEY MONAGHAN
14 JASON AXTELL
15 JASON SCHULTZ
16 JAYDEN DIXON
17 KAREN JOHNSON
18 KAREN ROGERS
19 KATHLEEN DUFFY
20 KENYON ROBERTSON
21 KURT SCHEEL
22 LAIDA KEARNEY
23 LAURA SIOMIAK
24 LAUREN ROSSI
25 LEANA ANTONUCCI
26 MAGDALENA MICHALINA PYTEL
27 MARGURITE DAMBRA
28 MICHAEL LEES
29 MICKEDA BARNES
30 MORGAN KELLY
31 RAYNA MEDICI
32 ROBERT ROGERS
33 SAMANTHA PRZYBYLOWICZ
34 SIDNEY ROBERTSON
35 TAYLA SCUNGIO